IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.,<br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC et al.,<br><br>Plaintiffs,<br>vs.<br><br>MARCELLA P. BEST<br><br>Defendants. | Adv. Proc. No. 19-50819 (BLS)<br><br>Jury Trial Demanded |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C.§§ 544,547,548 & 550**

Defendant Marcella P. Best (the "Defendant"), by and through undersigned counsel, hereby answers Plaintiff's Complaint and asserts her affirmative defenses. All allegations not expressly admitted herein are denied.

## NATURE OF THE ACTION

1. Defendant has insufficient knowledge or information to respond to the allegations in this paragraph; they are therefore denied.

2. Defendant has insufficient knowledge or information to respond to the allegations in this paragraph; they are therefore denied.

3. Admitted that Defendant resides in Texas.

## JURISDICTION AND VENUE

4. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 4 are denied. Defendant does not consent to the entry of a final order of judgment by this Court.

5. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 5 are denied.

## THE PARTIES

6. Defendant does not consent to the entry of a final order or judgment by this Court.

7. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 7 are denied.

8. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 8 are denied.

9. Admitted.

10. Defendant has insufficient knowledge or information to respond to the allegations in this paragraph; they are therefore denied.

11. Defendant has insufficient knowledge or information to respond to the allegations in this paragraph; they are therefore denied

12. Defendant has insufficient knowledge or information to respond to the allegations in this paragraph; they are therefore denied.

13. Defendant has insufficient knowledge or information to respond to the allegations in this paragraph; they are therefore denied.

14. Defendant has insufficient knowledge or information to respond to the allegations in this paragraph; they are therefore denied.

## FACTUAL BACKGROUND

15. Admitted.

16. Admitted.

17. No response is required.

18. Admitted.

19. Defendant has insufficient knowledge or information to respond to the allegations in this paragraph; they are therefore denied.

## FIRST CLAIM FOR RELIEF

20. No response required

21. Admitted.

22. This is a conclusion of law.

23. This is a conclusion of law.

24. This is a conclusion of law.

25. This is a conclusion of law.

26. This is a conclusion of law.

27. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 27 are denied.

28. Admitted

29. Denied

**SECOND CLAIM FOR RELIEF**

30. No response required

31. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 31 are denied.

32. This paragraph states legal conclusion to which no responsive pleading is required. To the extent an answer in required, the allegations in paragraph 32 are denied.

33. This paragraph states legal conclusions to which no responsive pleading in required. To the extent an answer in required, the allegations in paragraph 33 are denied.

**THIRD CLAIM FOR RELIEF**

34. No response required.

35. Defendant has no basis to admit or deny this sentence

36. This paragraph states legal conclusion to which no responsive pleading is required. To the extent an answer in required, the allegations in paragraph 36 are denied.

37. No response required.

38. Admitted.

39. This paragraph states legal conclusion to which no responsive pleading is required. To the extent an answer in required, the allegations in paragraph 39 are denied.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

i. The Complaint fails to state a claim against Defendants upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

ii Any transfers to Defendants were not transfers of the Debtors' property.

THIRD AFFIRMATIVE DEFENSE

iii The claims set forth in the Complaint are barred under the doctrines of waiver, laches, unclean hands, in pari delicto, and/or estoppel.

FOURTH AFFIRMATIVE DEFENSE

iv The obligations incurred by the Debtors were incurred in the ordinary course of business.

FIFTH AFFIRMATIVE DEFENSE

v Plaintiff may not recover the alleged preferential payments because the parties intended the transfers to be part of a contemporaneous exchange for new value given to the Debtors and the transfers were, in fact, substantially contemporaneous under 11 U.S.C. § 547(c).

SIXTH AFFIRMATIVE DEFENSE

vi Some or all payments made by the Debtors to Defendant were made in the ordinary course of business pursuant to 11 U.S.C. § 547(c)(2).

SEVENTH AFFIRMATIVE DEFENSE

vii To the extent that the transfers were otherwise avoidable under 11 U.S.C. § 547(b), after such transfers, Defendant or a creditor to or for whose benefit such transfers were made, gave new value to or for the benefit of the Debtors (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant or such creditor(s).

EIGHTH AFFIRMATIVE DEFENSE

viii Any transfer made by the Debtors was made in exchange for reasonably equivalent consideration and/or supported by valuable consideration.

NINTH AFFIRMATIVE DEFENSE

ix At all relevant times, Defendant was not an insider of the Debtors.

TENTH AFFIRMATIVE DEFENSE

x At all times relevant hereto, Debtors were solvent.

ELEVENTH AFFIRMATIVE DEFENSE

xi The Debtors were not made insolvent as a result of any transaction described in this suit.

TWELFTH AFFIRMATIVE DEFENSE

xii Any transfer described in the Complaint was made to Defendant in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

THIRTEENTH AFFIRMATIVE DEFENSE

xiii The Defendant hereby adopts and incorporates by reference any other affirmative defenses asserted by other defendants in this action to the extent said defenses are applicable to the Defendant.

FOURTEENTH AFFIRMATIVE DEFENSE

xiv The Defendant reserves the right to assert other defenses as this action proceeds and reserve the right to file an Amended Answer asserting additional affirmative defenses.

FIFTEENTH AFFIRMATIVE DEFENSE

xv. The claims set forth in the Complaint may be barred under the applicable statute of limitations.

**JURY TRIAL DEMANDED**

Defendant demands a Jury Trial in this Action.

WHEREFORE, Defendant respectfully requests this Court enter an order i) dismissing the Complaint in its entirety with prejudice and (ii) granting such further relief as is fair and just to the Defendant.

Dated: January 16, 2020
Wilmington, DE

*/s/James E. Huggett*
James E. Huggett (DE I.D. #3956)
Margolis Edelstein
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: 302-888-1112
jhuggett@margolisedelstein.com

*Attorney for Defendant Marcella P. Best*